# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Matthew B. Wiggins <br> _Debtor_ | | CHAPTER 13 |
| M&T BANK <br> _Movant_ <br> vs. | | NO. 13-19971 MDC |
| Matthew B. Wiggins <br> _Debtor_ | | |
| William C. Miller Esq. <br> _Trustee_ | | 11 U.S.C. Section 362 |

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. The post-petition arrearage on the mortgage held by the Movant on Debtor's residence is **$1,952.38**, which breaks down as follows;

Post-Petition Payments:         September 2016 and October 2016 at $766.09
Fees & Costs Relating to Motion: $1,026.00 ($850.00 fees and $176.00 costs)
Suspense Balance:               $605.80
**Total Post-Petition Arrears    $1,952.38**

2. The Debtor(s) shall cure said arrearages in the following manner;

a). Beginning November 2016 and continuing through April 2017, until the arrearages are cured, Debtors shall pay the present regular monthly payment of **$766.09** on the mortgage (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month), plus an installment payment of **$325.40** towards the arrearages on or before the last day of each month at the address below;

M&T Bank
P.O BOX 62182
Baltimore, MD 21264

b). Maintenance of monthly mortgage payments to the Movant thereafter.

3. Should debtor provide sufficient proof of payments (front & back copies of cancelled checks and/or money orders) made, but not credited, Movant shall adjust the account accordingly.

4. In the event the payments under Section 2 above are not tendered pursuant to the terms of this stipulation, the Movant shall notify Debtor and Debtor's attorney of the default in writing and the Debtor may cure said default within FIFTEEN (15) days of the date of said notice. If Debtor should fail to cure the default within fifteen (15) days, the Movant may file a Certification of Default with the Court and the Court shall enter an Order granting the Movant relief from the automatic stay.

5. The stay provided by Bankruptcy Rule 4001(a)(3) is waived.

6. If the case is converted to Chapter 7, the Movant shall file a Certification of Default with the court and the court shall enter an order granting the Movant relief from the automatic stay.

7. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

8. The provisions of this stipulation do not constitute a waiver by the Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

9. The parties agree that a facsimile signature shall be considered an original signature.

Date: October 6, 2016    By: /s/ Joshua I. Goldman, Esquire
Joshua I. Goldman, Esquire
Thomas Puleo, Esquire
Attorneys for Movant
KML Law Group, P.C.
Main Number: (215) 627-1322

Date: 10/21/16

Gary E. Thompson Esquire
Attorney for Debtor(s)

No Objection: [signature] *without prejudice to any trustee rights or remedies
TRUSTEE

Approved by the Court this __4th__ day of __November__, 2016. However, the court retains discretion regarding entry of any further order.

[signature]

Bankruptcy Judge
Magdeline D. Coleman